**UNITED STATES DISTRICT COURT**
**for the**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **JEFFREY KELLOGG,** | ) | |
| **Plaintiff** | ) | |
| | ) | **Civil Action** |
| **V.** | ) | |
| | ) | **No. ________________** |
| **McALLISTER TOWING OF CONNECTICUT, LLC, and McALLISTER TOWING AND TRANSPORTATION COMPANY, INC.** | ) | |
| **Defendants** | ) | |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Now comes the Plaintiff in the above-entitled matter and for his complaint states:

**General Factual Allegations**

1. The Plaintiff, JEFFREY KELLOGG, is a resident of Fairhaven, Commonwealth of Massachusetts.

2. The Defendant, McALLISTER TOWING OF CONNECTICUT, LLC, is a limited liability company, duly organized and existing under the laws of the State of Delaware, with its principal place of business in New York City, New York.

3. The Defendant, McALLISTER TOWING AND TRANSPORTATION COMPANY, INC., is a corporation, duly organized and existing under the laws of the State of Delaware, with its principal place of business in New York City, New York.

4. On or about October 9, 2023, the Defendant, MCALLISTER TOWING OF CONNECTICUT, LLC, was doing business within the Commonwealth of Massachusetts.

5. On or about October 9, 2023, the Defendant, McALLISTER TOWING AND TRANSPORTATION COMPANY, INC., was doing business within the Commonwealth of

Massachusetts.

6. On or about October 9, 2023, the Plaintiff, JEFFREY KELLOGG, was employed by the Defendant, MCALLISTER TOWING OF CONNECTICUT, LLC.

7. On or about October 9, 2023, the Plaintiff, JEFFREY KELLOGG, was employed by the Defendant, MCALLISTER TOWING AND TRANSPORTATION COMPANY, INC.

8. On or about October 9, 2023, the Plaintiff, JEFFREY KELLOGG, was employed by the Defendant, MCALLISTER TOWING OF CONNECTICUT, LLC, as a seaman, and a member of the crew of the TUG RESOLUTE.

9. On or about October 9, 2023, the Plaintiff, JEFFREY KELLOGG, was employed by the Defendant, MCALLISTER TOWING AND TRANSPORTATION COMPANY, INC., as a seaman, and a member of the crew of the TUG RESOLUTE.

10. On or about October 9, 2023, the Defendant, MCALLISTER TOWING OF CONNECTICUT, LLC, owned the TUG RESOLUTE.

11. On or about October 9, 2023, the Defendant, MCALLISTER TOWING AND TRANSPORTATION COMPANY, INC., owned the TUG RESOLUTE.

12. The Defendant, MCALLISTER TOWING OF CONNECTICUT, LLC, chartered the TUG RESOLUTE from some other person or entity such that on or about October 9, 2023, the Defendant, MCALLISTER TOWING OF CONNECTICUT, LLC, was the owner pro hac vice of the TUG RESOLUTE.

13. The Defendant, MCALLISTER TOWING AND TRANSPORTATION COMPANY, INC., chartered the TUG RESOLUTE from some other person or entity such that on or about October 9, 2023, the Defendant, MCALLISTER TOWING AND

TRANSPORTATION COMPANY, INC., was the owner pro hac vice of the TUG RESOLUTE.

14. On or about October 9, 2023, the Defendant, MCALLISTER TOWING OF CONNECTICUT, LLC, operated the TUG RESOLUTE.

15. On or about October 9, 2023, the Defendant, MCALLISTER TOWING AND TRANSPORTATION COMPANY, INC., operated the TUG RESOLUTE.

16. On or about October 9, 2023, the Defendant, MCALLISTER TOWING OF CONNECTICUT, LLC, or the Defendant's agents, servants, and/or employees, controlled the TUG RESOLUTE.

17. On or about October 9, 2023, the Defendant, MCALLISTER TOWING AND TRANSPORTATION COMPANY, INC., or the Defendant's agents, servants, and/or employees, controlled the TUG RESOLUTE.

18. On or about October 9, 2023, the TUG RESOLUTE was in navigable waters.

19. On or about October 9, 2023, the Plaintiff, JEFFREY KELLOGG, while performing his duties on the TUG RESOLUTE and its attached barge, slipped and fell on spilled salt on the work deck suffering personal injuries, including, but not limited to, damage to his right knee, which required a knee replacement.

20. Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, JEFFREY KELLOGG, was exercising due care.

## **Jurisdiction**

21. This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §30104 et. seq. (formerly §688 et. seq.).

22. Alternatively, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 and/or 28 U.S.C. §1333.

**COUNT I**
**JEFFREY KELLOGG V. MCALLISTER TOWING OF CONNECTICUT, LLC**
**(JONES ACT NEGLIGENCE)**

23. The Plaintiff, JEFFREY KELLOGG, reiterates the allegations set forth in paragraphs 1 through 20 above.

24. The personal injuries sustained by the Plaintiff, JEFFREY KELLOGG, were not caused by any fault on his part but were caused by the negligence of the Defendant, MCALLISTER TOWING OF CONNECTICUT, LLC, its agents, servants and/or employees, including, but not limited to, in the following ways:

(a) failing to provide a reasonably safe place to work;

(b) failing to provide a reasonably safe work deck;

(c) in other ways that may be learned during discovery.

25. As a result of said injuries, the Plaintiff, JEFFREY KELLOGG, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

26. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, JEFFREY KELLOGG, demands judgment against the Defendant, MCALLISTER TOWING OF CONNECTICUT, LLC, in an amount to be determined by a jury together with interest and costs.

**COUNT II**
**JEFFREY KELLOGG V. MCALLISTER TOWING OF CONNECTICUT, LLC**
**(GENERAL MARITIME LAW - UNSEAWORTHINESS)**

27. The Plaintiff, JEFFREY KELLOGG, reiterates the allegations set forth in paragraphs 1 through 20 above.

28. The personal injuries sustained by the Plaintiff, JEFFREY KELLOGG, were due to no fault of his, but were caused by the Unseaworthiness of the TUG RESOLUTE, including, but not limited to, in the following manners:

(a) lacking a work deck fit for its intended purposes;

(b) having a work deck covered with spilled salt;

(c) other ways that may be learned during discovery and/or shown at trial.

29. As a result of said injuries, the Plaintiff, JEFFREY KELLOGG, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

30. This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, JEFFREY KELLOGG, demands judgment against the Defendant, MCALLISTER TOWING OF CONNECTICUT, LLC, in an amount to be determined by a jury together with interest and costs.

**COUNT III**
**JEFFREY KELLOGG V. MCALLISTER TOWING OF CONNECTICUT, LLC**
**(GENERAL MARITIME LAW - MAINTENANCE and CURE)**

31. The Plaintiff, JEFFREY KELLOGG, reiterates all of the allegations set forth in Paragraphs 1 through 20 above.

32. As a result of the personal injuries described in paragraph 19 above, the Plaintiff, JEFFREY KELLOGG, has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, the Plaintiff, JEFFREY KELLOGG, demands judgment against the Defendant, MCALLISTER TOWING OF CONNECTICUT, LLC, in an amount to be determined by a jury for maintenance and cure, together with costs and interest.

**COUNT IV**
**JEFFREY KELLOGG V. MCALLISTER TOWING AND TRANSPORTATION COMPANY, INC.**
**(JONES ACT NEGLIGENCE)**

23. The Plaintiff, JEFFREY KELLOGG, reiterates the allegations set forth in paragraphs 1 through 20 above.

24. The personal injuries sustained by the Plaintiff, JEFFREY KELLOGG, were not caused by any fault on his part but were caused by the negligence of the Defendant, MCALLISTER TOWING AND TRANSPORTATION COMPANY, INC., its agents, servants and/or employees, including, but not limited to, in the following ways:

(a) failing to provide a reasonably safe place to work;

(b) failing to provide a reasonably safe work deck;

(c) in other ways that may be learned during discovery.

25. As a result of said injuries, the Plaintiff, JEFFREY KELLOGG, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

26. This cause of action is brought under the Merchant Marine Act of 1920,

commonly called the Jones Act.

WHEREFORE, the Plaintiff, JEFFREY KELLOGG, demands judgment against the Defendant, MCALLISTER TOWING OF CONNECTICUT, LLC, in an amount to be determined by a jury together with interest and costs.

**COUNT V**
**JEFFREY KELLOGG V. MCALLISTER TOWING AND TRANSPORTATION COMPANY, INC.**
**(GENERAL MARITIME LAW - UNSEAWORTHINESS)**

27. The Plaintiff, JEFFREY KELLOGG, reiterates the allegations set forth in paragraphs 1 through 20 above.

28. The personal injuries sustained by the Plaintiff, JEFFREY KELLOGG, were due to no fault of his, but were caused by the Unseaworthiness of the TUG RESOLUTE, including, but not limited to, in the following manners:

(a) lacking a work deck fit for its intended purposes;

(b) having a work deck covered with spilled salt;

(c) other ways that may be learned during discovery and/or shown at trial.

29. As a result of said injuries, the Plaintiff, JEFFREY KELLOGG, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

30. This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, JEFFREY KELLOGG, demands judgment against the Defendant, MCALLISTER TOWING AND TRANSPORTATION COMPANY, INC., in an

amount to be determined by a jury together with interest and costs.

**COUNT VI**
**JEFFREY KELLOGG V. MCALLISTER TOWING**
**AND TRANSPORTATION COMPANY, INC.**
**(GENERAL MARITIME LAW - MAINTENANCE and CURE)**

31. The Plaintiff, JEFFREY KELLOGG, reiterates all of the allegations set forth in Paragraphs 1 through 20 above.

32. As a result of the personal injuries described in paragraph 19 above, the Plaintiff, JEFFREY KELLOGG, has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, the Plaintiff, JEFFREY KELLOGG, demands judgment against the Defendant, MCALLISTER TOWING AND TRANSPORTATION COMPANY, INC., in an amount to be determined by a jury for maintenance and cure, together with costs and interest.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES
RAISED IN HIS COMPLAINT.

Respectfully submitted for
the Plaintiff, JEFFREY KELLOGG,
by his attorneys,

/s/ Jonathan E. Gilzean
JONATHAN E. GILZEAN, ESQ.
MA BBO # 679164
Latti Associates, LLC
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000
JGilzean@lattiassociates.com

Dated: September 17, 2026